UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
FRATERNAL ORDER OF POLICE,     )
D.C. LODGE 1, INC., et al.,    )
                               )
        Plaintiff,             )
                               )
    v.                         )   Civil Action No. 04-1531 (GK)
                               )
ROGER A. GROSS                 )
                               )
        Defendant.             )
_____)
```

## MEMORANDUM OPINION

Plaintiffs, Fraternal Order of Police, DC Lodge 1, Inc., Fraternal Order of Police, Bureau of Engraving and Printing Labor Committee, Inc. ("BEP") and Gregory O. Davis, Sr., Chairman of the BEP Labor Committee, bring suit against Defendant Roger A. Gross, a police inspector employed at all material times by the BEP. In this single-count Complaint, Plaintiffs allege abuse of process by Defendant.

This matter is now before the Court on the Defendant's Motion to Dismiss. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, the Defendant's Motion to Dismiss is **granted.**

## I. BACKGROUND

On July 6, 2001, Defendant commenced a civil action against Plaintiffs for intentional interference with contract and intentional interference with prospective economic advantage. Compl. ¶ 9, Ex. A. In that case Defendant alleged that, in order

to interfere with his prospects for promotion, Plaintiffs: attacked Defendant's professional character and reputation; pressured a police officer to file false sexual harassment charges against him; charged him with violations of federal law; and initiated a vote of no confidence against him alleging 1) racism, 2) discrimination in decisions to promote, and 3) violation of personnel polices for personal gain.  Compl. Ex. A ¶¶ 9-16.

On March 2, 2003, this Court granted Plaintiffs' motion to dismiss and dismissed that complaint, concluding that Defendant "has failed to state a claim for intentional interference with contract because ... he has ... failed to establish the existence of any contract." Gross v. Davis et al., Civil Action No. 01-1486 (GK) at 5.  In addition, this Court found that Defendant "failed to establish the existence of a valid business relationship or expectancy." Id. at 8.

Plaintiffs claim the prior action was an abuse of process and Defendant's "ulterior motive in filing the ... lawsuit ... was to silence the plaintiffs in making complaints against him ... and by burdening the plaintiffs with the costs of a legal defense so that they would abandon their criticism of him."  Compl. ¶ 21.

Plaintiffs seek judgment against Defendant for $75,000, attorneys' fees, and costs.

**II. STANDARD OF REVIEW**

A motion to dismiss should be granted only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). A motion to dismiss tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. See Fed. R. Civ. P. 12(b)(6). Accordingly, the factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. Shear v. Nat'l Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979).

**III. ANALYSIS**

Plaintiffs have failed to state a claim for abuse of process.[1] "In addition to ulterior motive, one must allege and prove that there has been a perversion of the judicial process and achievement of some end not contemplated in the regular prosecution of the charge." Morowitz v. Marvel, 423 A.2d 196, 198 (D.C. 1980) (citing

---

[1] This claim could be examined under a theory of malicious prosecution, however, there is no special injury alleged, and such a claim would be time-barred by the applicable one-year statute of limitations. D.C. Code § 12-301(4). The statute of limitations for malicious prosecution actions "begins to run from the time the underlying criminal or civil actions is [sic] disposed of in favor of the malicious prosecution plaintiff." Shulman v. Miskell, 626 F.2d 173, 176 (D.C. Cir. 1980). The motion to dismiss in the prior action was ordered on March 3, 2003, and the instant action was filed on August 2, 2004, well outside the one-year statute of limitations.

Hall v. Hollywood Credit Clothing Co., 147 A.2d 866, 868 (D.C. 1959)).  "The mere issuance of the process is not actionable, no matter what ulterior motive may have prompted it; the gist of the action lies in the improper use after issuance."  Hall, 147 A.2d at 868.

In their Complaint, Plaintiffs allege that the purpose of the prior lawsuit was to "coerce the plaintiffs into giving up all opposition to the defendant's attempts to become the commander of the [BEP]."  Compl. ¶ 22.  Plaintiffs, however, do not allege that the Defendant acted in any way other than what would be expected in the course of a lawsuit, nor do they allege that Defendant accomplished an improper end by filing that lawsuit, both necessary elements in an abuse of process claim.  Jacobson v. Thrifty Paper Boxes, Inc., 230 A.2d 710, 711 (D.C. App. 1967)("The test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be required to do.")(citing 1 Am.Jur.2d Abuse of Process § 4 (1962)).

Plaintiffs merely allege that Defendant initiated a claim for damages, served each Plaintiff, declined to dismiss the complaint, and the complaint was dismissed by the Court.  Compl. ¶¶ 9-15.

It is only in their Opposition that Plaintiffs raise factual allegations which suggest Defendant filed the first lawsuit "not to vindicate any right he may have possessed, but to extort, in effect, a concession from the plaintiffs so they would end their complaints about him." Pls.' Mem. Opp'n at 10. These allegations, which are not included in the pleadings, cannot properly be considered by this Court on a motion to dismiss. <u>See</u> Fed. R. Civ. P. 12(b). However, even if these allegations were accepted as true and Plaintiffs were given leave to amend their Complaint, they would still not prevail on this Motion. <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (citing "futility of amendment" as a permissible reason to deny an opportunity to amend under Fed. R. Civ. P. 15).

The allegation that Defendant sought to extort a concession is insufficient to constitute a claim for abuse of process because he did not accomplish this impermissible purpose. <u>Morowitz</u>, A.2d at 198. In <u>Morowitz</u>, the court held that "Without more, appellants' proffer that appellee filed the counterclaim with the ulterior motive of coercing settlement is deficient. There is no showing that the process was, in fact, used to accomplish an end not regularly or legally obtainable." <u>Id.</u> at 198-99; <u>See</u> <u>Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639</u>, 883 F.2d 132, 138 (D.C. Cir. 1989) (holding that the settlement "must accomplish some outrageous end and represent a "perversion" of the

judicial process."), <u>rev'd in part on other grounds</u>, 913 F.2d 948 (D.C. Cir.1990) (en banc), <u>cert. denied</u>, 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991).  Plaintiffs in this case did not cease their complaints as allegedly demanded by Defendant.

There was no such outrageous end accomplished by Defendant in the prior action, and therefore there was no abuse of process nor perversion of the judicial process.

**IV. CONCLUSION**

For the foregoing reasons, the Defendant's Motion to Dismiss is **granted**.

An Order will issue with this opinion.

November 9, 2005                             /s/
                                             Gladys Kessler
                                             United States District Judge


<u>Copies to:</u> Attorneys of record via ECF.