## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRATERNAL ORDER OF POLICE, ) | |
| D.C. LODGE 1, INC., <u>et al.</u>, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. )   Civil Action No. 04-1531 (GK) | |
| ) | |
| ROGER A. GROSS ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM OPINION

Plaintiffs ("Union and its officials") are Fraternal Order of
Police, District of Columbia Lodge #1, Inc.; Fraternal Order of
Police, Bureau of Engraving and Printing Labor Committee, Inc.
("BEP Labor Committee"); and Gregory O. Davis, Sr., Chairman of the
BEP Labor Committee.  Plaintiffs bring suit against Defendant Roger
A. Gross ("Gross") for abuse of process.

This matter is now before the Court on Defendant's Motion to
Dismiss, [**#2**].  Upon consideration of the Motion, Opposition,
Reply, and the entire record herein, and for the reasons stated
below, Defendant's Motion is **denied without prejudice**, and
Plaintiffs are granted leave to amend their Complaint.

## I.    BACKGROUND

On July 6, 2001, Roger A. Gross, a police inspector employed
by the Department of the Treasury, BEP Police Force in Washington,
D.C., filed a civil action against Plaintiffs in the present case
for intentional interference with contract and intentional
interference with prospective economic advantage.  Compl. ¶ 9.
Gross alleged that these collective bargaining representatives for

the BEP Police Force attempted to interfere with his prospects for promotion by attacking his professional character and reputation, pressuring a police officer to file false sexual harassment charges against him, charging him with violations of federal law, and initiating a vote of no confidence against him based on allegations of racism, discrimination, and violation of personnel policies for personal gain.  Id., Ex. A ¶¶ 9-16.

On March 2, 2003, this Court dismissed Gross' complaint for failure to state a claim on both counts.  Gross v. Davis, et al., No. 01-1486 (GK), slip op. at 5-8 (D.D.C. Mar. 3, 2003).

In the instant action, the Union and its officials claim Defendant's "ulterior motive in filing the . . . [prior] lawsuit . . . was to silence the plaintiffs in making complaints against him . . . and by burdening the plaintiffs with the costs of a legal defense so that they would abandon their criticism of him."  Compl. ¶ 21.

Gross has filed a Motion to Dismiss alleging that the Union and its officials failed to state a claim under Federal Rule of Civil Procedure 12(b)(6), and that the lawsuit was time-barred by the applicable statute of limitations under Federal Rule of Civil Procedure 8(c).

## II. STANDARD OF REVIEW

A motion to dismiss should be granted only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). A motion to dismiss tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. See Fed. R. Civ. P. 12(b)(6). Accordingly, the factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. Shear v. Nat'l Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979).

## III. ANALYSIS

To state a claim for abuse of process under District of Columbia law,[1] the plaintiff must show that the judicial "process has been used to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be required to do." Morowitz v. Marvel, 423 A.2d 196, 198 (D.C. 1980) (citing Jacobson v. Thrifty Paper Boxes, Inc., 230 A.2d 710, 711 (D.C. 1967)). "The mere issuance of the process is not actionable, no matter what ulterior motive may have prompted

---

[1] In their Opposition, Plaintiffs fail to state the correct legal standard under District of Columbia law. Opp'n at 10-12; see Harrison v. Howard Univ., 846 F. Supp. 1, 2 (D.D.C. 1993) (noting that D.C. follows the minority rule on abuse of process claims which requires more than ulterior motive).

it; the gist of the action lies in the improper use after issuance." Morowitz, 423 A.2d at 198 (citing Hall v. Hollywood Credit Clothing Co., 147 A.2d 866, 868 (D.C. 1959)); Moore v. United States, 213 F.3d 705, 712-13 (D.C. Cir. 2000) (affirming district court's dismissal of abuse of process claim where plaintiff failed to show that defendant misused the grand jury process). Thus, "[i]n addition to ulterior motive, one must allege and prove that there has been a perversion of the judicial process and achievement of some end not contemplated in the regular prosecution of the charge." Morowitz, 423 A.2d at 198 (emphasis added).

In their Complaint, the Union and its officials allege that Gross' purpose in the prior lawsuit was to "coerce the plaintiffs into giving up all opposition to the defendant's attempts to become the commander of the [BEP]." Compl. ¶ 22. They do not allege, however, that Gross acted in any way other than what would be expected in the normal course of a lawsuit, or that he accomplished any improper end by filing the lawsuit. See Epps v. Vogel, 454 A.2d 320, 324 (D.C. 1982) (complaint did not sufficiently allege abuse of process because it failed to include this "key element" of the tort). Plaintiffs merely allege that Defendant initiated a claim for damages, served each Plaintiff, declined to dismiss the Complaint, and that the Complaint was subsequently dismissed by the Court. Compl. ¶¶ 9-15.

In their Opposition to the pending Motion, Plaintiffs reiterate the allegations in the Complaint -- that Gross filed the first lawsuit "not to vindicate any right he may have possessed, but to extort, in effect, a concession from the plaintiffs so they would end their complaints about him." Pls.' Mem. Opp'n ("Opp'n") at 10. Plaintiffs also attach the affidavit of Plaintiff Gregory Davis, Sr., who attests that various members of the Labor Committee told him that Gross "had approached them and told them that his lawsuit would go away if the FOP and [Davis] would stop its criticism and complaints of him in his attempt to become Commander of the BEP police force."[2] Id., Ex. B ¶ 6. These allegations do not amount to a perversion of the judicial process. Indeed, Gross' request that Plaintiffs stop criticizing him was precisely what he sought in his lawsuit.

Moreover, the Union and its officials fail to allege that Gross accomplished any impermissible result after filing his lawsuit. See Morowitz, 423 A.2d at 198. Plaintiffs did not cease their complaints, as Defendant allegedly demanded, nor did Defendant accomplish any other illegitimate end.

Finally, Plaintiffs request, in a single sentence in their Opposition, that the Court allow them to amend their Complaint. Opp'n at 12. Despite all the inadequacies in Plaintiffs' pleadings, and the Court's scepticism about whether an amended

---

[2] Even if these allegations were included in the Complaint, see Fed. R. Civ. P. 12(b), they would not properly state an abuse of process claim.

complaint can survive a legal challenge, the Court will grant Plaintiffs' request. See <u>Jackson v. District of Columbia</u>, 254 F.3d 262, 267 (D.C. Cir. 2001) (noting that leave to amend should be "freely given when justice so requires") (citing Fed. R. Civ. P. 15(a)).[3]

## IV. CONCLUSION

_____For the foregoing reasons, the Defendant's Motion to Dismiss, [**#2**], is **denied without prejudice**, and Plaintiffs are granted leave to amend their Complaint.

An Order will issue with this Memorandum Opinion.


<u>/s/_____</u>

November 9, 2005                     Gladys Kessler
                                     U.S. District Judge

**<u>Copies to:</u>**   Attorneys of record via ECF.

---

[3] The three-year statute of limitations on abuse of process claims begins to run "not when the defendant institutes the allegedly abusive claim, but when he ceases to assert it." <u>Whelan v. Abell</u>, 953 F.2d 663, 673 (D.C. Cir. 1992). The Court cannot address this argument at this time, because it is unable to discern when, if at all, Defendant ceased to assert his abusive claim.